HEARD APRIL TERM, 1871.

SMITH vs. GATEWOOD.

Where lands, subject to a lien for taxes due the city of Charleston, are sold under a decree of foreclosure, in a cause to which the city was not a party, the remedy of the city is not against the proceeds of the sale—the lien not having been displaced by the decree and sale thereunder.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1871.

Bill to foreclose a mortgage of real estate in the city of Charleston, dated 30th May, 1856. The City Council of Charleston was not a party to the proceeding.

The mortgaged premises were sold in 1870, under a decree of foreclosure, and the proceeds being under the control of the Court, the City Council presented a claim against the same for city taxes assessed upon the premises for the years 1868 and 1869. The claim was founded upon an Ordinance of the City Council, ratified the 14th June, 1868, which declared that city taxes shall constitute a specific lien upon the property taxed in preference to mortgages, judgments and other liens. The plaintiffs resisted the claim.

His Honor ordered the taxes paid, and the plaintiffs appealed.

*Memminger, Pinckney & Jervey*, for appellants.
*Corbin, City Attorney*, contra.

April 16, 1872. The opinion of the Court was delivered by

WILLARD, A. J. Certain premises, in the city of Charleston, having been sold under proceedings for the foreclosure of a mortgage, a claim was made against the proceeds of sale, in behalf of the city of Charleston, for the payment of an amount claimed to be chargeable upon such property for city taxes for 1868 and 1869. This claim was contested on grounds questioning the validity

of such lien. It is not material to examine this question, for the order appealed from is subject to an objection of a jurisdictional nature.

Assuming the ground contended for by the respondents, (the City Council,) that the taxes in question constituted a specific lien on the premises sold, still the question arises whether they are entitled to this particular remedy in order to enforce the payment of such taxes. If such specific lien exists, it is to be considered as prior, in law, to the claim of the mortgagee in the present case. In the case assumed, the City Council would stand, in regard to the present fore-closure suit, in the same relation in which a prior mortgagee would stand in reference to proceedings to foreclose a subsequent mort-gage. If not made a party, and the land was sold for the fore-closure of the junior mortgage, the purchaser under the latter would stand as purchasing subject to the lien of the elder mortgage, and the price paid by him would have to be regarded as represent-ing the value of the land subject to the prior mortgage. If, there-fore, the prior mortgagee is not made a party to the proceedings by the junior mortgagee, and subjected to the order of sale in behalf of the junior mortgagee, then two results would follow : First, that he would not be debarred from subjecting the lands, in the hands of the purchaser, to the payment of his prior lien ; and, second, that he would have no claim to any portion of the proceeds of the sale under the junior mortgage.

The City Council was not a party to the suit, nor bound by the de-cree of sale ; consequently a sale under that decree cannot bar the proper remedies to enforce the city taxes. The purchaser must be regarded as having purchased subject to the prior lien of the city, and the consideration paid by him cannot be regarded as including any part of the amount due for city taxes. It is to be noticed that the purchaser, under foreclosure, is not now before us seeking to compel the application of the purchase money to the payment of the taxes, upon the ground that this was a consideration of his pur-chase.

I cannot but regard the mode of enforcing the payment of taxes pursued by the City Council, in the present case, as unusual, and attended with many disadvantages. In the first place, it in effect concedes the right of private parties, in a suit as between themselves, to bar the right of the city to enforce its collection of its taxes in the usual manner, while the city is neither a necessary or proper party to such suit ; for unless they have a right to sell, as against

the city taxes, the City Council has no right to make a claim of that kind against the proceeds of sale. The practice would be equally inconvenient and unreasonable to allow private parties to compel the city to become a defendant in such cases, for it would require the city to be represented by legal counsel in every case, within the city limits, where a judicial sale of land, bound by city taxes, is intended, at the peril of losing the amount assessed, unless a remedy therefor was sought in such proceeding. In this way, not only may taxes be lost, to the public inconvenience, but the cost of collection swelled by fees and expenses of litigation, that would have to come out of the city, or fall as an unnecessary burden on citizens litigating in the Courts.

In the next place, the mode provided by law for the enforcement of taxes is the simplest and most inexpensive, and should be strictly adhered to by the city. Such is understood to be the general practice, both here and elsewhere, in regard to the collection of taxes, and it ought not to be disturbed. The order in question should be set aside, so far as the same directs that the taxes of 1868 and 1869 be paid out of the fund now in Court, without prejudice to the City Council.

*Moses,* C. J., and *Wright,* A. J., concurred.